9751

SAFRAN v. SAFRAN.

(23 S. E. 140.)

1. ATTORNEY AND CLIENT—POWER OF ATTORNEY TO BECOME SURETY—CLAIM AND DELIVERY.—An attorney has no power to become a surety on an undertaking in a claim and delivery proceeding in view of Circuit Court rule 9, forbidding an attorney from becoming a surety on any recognizance in the Courts of General Sessions and Common Pleas, and Civ. Code 1912, sec. 1178, forbidding the sheriff from taking any attorney at law or other officer of the Court as bail for any person in any civil or criminal case.

2. REPLEVIN — TIMELY EXCEPTION — CLAIM AND DELIVERY BOND. — Evidence *held* to show that defendant made timely exception to validity of a bond in a claim and delivery proceeding to warrant the consideration of the question on appeal.

Before DeVore, J., Columbia, February, 1917. Affirmed.

Action by Joseph Safran against Moses Safran. Defendant appeals from order refusing to declare an undertaking in a claim and delivery proceeding null and void.

*Mr. R. Y. Kibler,* for appellant, cites: C. C. Rule 9; Civil Code 1176; Code Civ. Proc. 260; 5 Cyc. 9, 10; 31 S. C. 390; 31 S. C. 375; 38 S. C. 228; 9 Corpus Juris 27.

*Mr. George A. Alderman,* for respondent, cites: *As to voluntary bond:* 2 Strob. 152; 1 Wend. 35; 4 Kan. 570. *Attorneys as bail:* 11 Stats. 45; Weeks Attorneys 819; 3 A. & E. Enc. of L. (2d ed.) 291; 4 Cyc. 919; 55 Ga. 615; 3 Ga. App. 157; 59 S. E. 326; 18 A. & E. Ann. Cas. 838; 12 Mo. 342; 4 Kan. 570; 43 S. C. 329; 67 S. C. 203; 109 N. C. 39; 13 S. E. 704; 4 Bosw. (N. Y.) 632; 103 S. C. 183.

July 15, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge DeVore.

The point involved and for the determination by this Court is: Can an attorney at law become a surety on an undertaking in a claim and delivery proceeding pending in the Circuit Court? Judge DeVore was asked to declare the undertaking insufficient, null and void. This he refused to do, and the appeal is from this order.

Rule 9 of the Circuit Court prevents an attorney at law from becoming a surety on any recognizance in the Court of General Sessions or on any undertaking in the Court of Common Pleas. "Rules do not make law, but they regulate practice and should be enforced." *Rice* v. *Mahaffey,* 9 S. C. 83. Section 1176, Code of Laws, forbids the sheriff from taking any attorney at law or other officer of the Court as bail for any person whatsoever in any civil or criminal case. Both of the rules of Court and the

statutes are plain, comprehensive and prohibitive, founded upon a well-settled public policy, intended for the orderly administration of justice, and should be enforced.

It is, however, urged by the respondent that the appellant did not except within the time prescribed by law. This is a misapprehension of the facts. The process was served on January 27, 1917. In two days after that time, on January 29, 1917, an agreement was entered into between the parties to attempt to arbitrate their differences. On January 31, 1917, this agreement to arbitrate was terminated and the parties restored to all their rights and privileges that existed before the arbitration agreement was entered into, and on February 1, 1917, defendant duly excepted to the undertaking which was within the time fixed by law. His Honor was in error.

Order appealed from reversed.